UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DANA L. GULLEY,<br><br>    Defendant. | Case No. 13-cr-40002-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Dana L. Gulley's motion for a new trial (Doc. 68). On February 25, 2014, a jury returned a verdict finding Gulley guilty of two counts of possession of pseudoephedrine knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine (Counts 1 and 2). The government has responded to the motion (Doc. 81).

**I.    Standard for New Trial**

A court may vacate a judgment and grant a defendant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a). The decision to grant a new trial is within the Court's discretion. *See United States v. Ervin*, 540 F.3d 623, 630 (7th Cir. 2008). In deciding whether to grant a new trial, the Court "may weigh evidence, evaluate credibility, and grant the motion if 'the substantial rights of the defendant have been jeopardized.'" *United States v. Eberhart*, 388 F.3d 1043, 1052 (7th Cir. 2004) (quoting *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989)), *reversed on other grounds*, 546 U.S. 12 (2005).

**II.    Analysis**

    A.    <u>Jury Instructions</u>

Gulley asks for a new trial because she believes the Court erred in failing to give a proper

instruction on the meaning of the phrase "having reasonable cause to believe," as that phrase is used in 21 U.S.C. § 841(c)(2).  She believes the Court should have given one of her tendered instructions based on *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011), instead of Seventh Circuit Pattern Instruction No. 4.10.  The given instruction, Gulley argues, allowed the jury to find her guilty based on an objective standard rather than her actual, subjective belief.

A jury instruction is proper if it is adequately supported by the record and is a fair and accurate summary of the law.  *United States v. Stott*, 245 F.3d 890, 903(7th Cir. 2001); *United States v. Lanzotti*, 205 F.3d 951, 956 (7th Cir. 2000).  Even if a jury instruction is incorrect, the error is harmless if a properly instructed jury would have returned the same verdict.  *United States v. Pittman*, 418 F.3d 704, 707 (7th Cir. 2005).

The statute under which Gulley was convicted states, in pertinent part, "Any person who knowingly or intentionally . . . possesses or distributes a listed chemical knowing, or having reasonable cause to believe, that the listed chemical will be used to manufacture a controlled substance except as authorized by this subchapter" shall be guilty of a federal offense.  Circuit courts disagree about whether actual knowledge that the chemical will be used to manufacture methamphetamine is required (a subjective belief), *see United States v. Truong,* 425 F.3d 1282, 1289 (10th Cir. 2005) (requiring "actual knowledge, or something close to it"), or whether simply having an objective "reasonable cause to believe" is enough, *see United States v. Galvan,* 407 F.3d 954, 957 (8th Cir. 2005); *United States v. Kaur,* 382 F.3d 1155, 1157-58 (9th Cir. 2004); *United States v. Prather,* 205 F.3d 1265, 1270 (11th Cir. 2000).  The majority believes the latter standard applies, and the Seventh Circuit Court of Appeals has not decided the issue.

In Gulley's case, the Court instructed the jury using Seventh Circuit Pattern Instruction

4.10:

>A person acts knowingly if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.
>
>*You may find that the defendant acted knowingly if you find beyond a reasonable doubt that she had a strong suspicion that the pseudoephedrine she possessed would be used to manufacture methamphetamine and that she deliberately avoided the truth.* You may not find that the defendant acted knowingly if she was merely mistaken or careless in not discovering the truth, or if she failed to make an effort to discover the truth.

(emphasis added). This instruction includes in "knowledge" actual knowledge or deliberate ignorance.

Gulley tendered the following alternate instructions, which the Court refused:

>The phrase "the defendant knew or had reasonable cause to believe" as used in this instruction means that the government must prove beyond a reasonable doubt that the defendant had actual knowledge of the intended use of the pseudoephedrine or that facts and circumstances actually known to this defendant caused her to believe that the pseudoephedrine would be so used and that she took some action to avoid acquiring actual knowledge of the pseudoephedrine's intended use at the time charged in the indictment.

Def. Prop. Instr. 2

>A person has reasonable cause to believe that pseudoephedrine was intended for the manufacture of methamphetamine if she has actual knowledge of facts that would cause her in particular to believe that fact.

Def. Prop. Instr. 3

>A person acts knowingly if she realizes what she is doing and is aware of the nature of her conduct and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Def. Prop. Instr. 4

>A person has knowledge if she is aware of a fact. In deciding whether a defendant is aware of a fact, or has knowledge, you may consider all the evidence, including what the defendant did or said.

Def. Prop. Instr. 5

>A person has reasonable cause to believe that pseudoephedrine was

>  intended for the manufacture of methamphetamine if she had actual knowledge of facts that would cause such a belief and, thereafter, took deliberate actions to avoid learning more.

Def. Prop. Instr. 6

The Court finds that Gulley's substantial rights were not jeopardized by the instruction given by the Court. First, consistent with the Eighth, Ninth and Eleventh Circuits' positions, the Court finds that Congress intended guilt to be imposed where a defendant "had reasonable cause to believe" even if where she did not have actual knowledge. To hold otherwise would render the "reasonable cause to believe" statutory language superfluous, a result to be avoided. *See Galvan*, 407 F.3d at 957; *Kaur*, 382 F.3d at 1157. Furthermore, regardless of the applicable standard, the instruction did not allow a finding of guilt based on a purely objective standard, that is, what a reasonable person in Gulley's position would have known regardless of her actual belief. On the contrary, it required at a minimum an actual "strong suspicion" of the future use of the methamphetamine and deliberate avoidance of that truth.

Additionally, the Court notes the substantial and credible evidence from Gulley's interview with law enforcement that at some point Gulley actually drew the conclusion that the pseudoephedrine she was buying was destined to become methamphetamine. This is the only theory the Government argued to the jury  Thus, any error in the instruction was not likely responsible for an incorrect verdict and was therefore harmless.

The Court denies the motion for a new trial on this basis.

B.   <u>Admission of Evidence of Forged Prescriptions</u>

Gulley asks for a new trial because she believes the Court erred in admitting evidence of pending forgery charges against her, which unduly prejudiced the jury to disbelieve her testimony. She also faults the Court for failing to give the jury a limiting instruction regarding this evidence.

At trial, the Court admitted evidence both of Gulley's prior conviction for prescription forgery under Federal Rule of Evidence 609 as a prior conviction (to which Gulley does not object) and evidence of three prior instances of prescription forgery under Federal Rule of Evidence 608(b) as specific instances of conduct, but not as prior convictions, to attack her character for truthfulness. Before admitting the other forgeries, the Court heard defense counsel's argument that the evidence should be excluded under Federal Rule of Civil Procedure 403, found that the evidence was relevant to the issue of Gulley's credibility and that it was not unduly prejudicial. As permitted by Federal Rule of Civil Procedure 608(b), the Government inquired into the uncharged forgeries on cross-examination but did not present extrinsic evidence of those forgeries, and Gulley readily admitted them. In fact, Gulley mistakenly admitted she had been *convicted* three times. The Government did not repeat this inaccurate testimony but instead noted in its closing argument that Gulley had been convicted once and "caught" three other times. It only used this evidence to attack Gulley's credibility as a witness and not to argue that those instances proved she committed the crimes for which she was on trial. The Court further instructed the jury in the final jury instructions that it was to consider the uncharged forgeries only to decide the believability of Gulley's testimony.

The admission of Gulley's other forgeries was consistent with Federal Rules of Evidence 403 and 608(b), and the Court properly instructed the jury about the specific limited purpose for which evidence of the other forgeries was admitted. Gulley's confusion over whether she had been convicted or merely charged was simply mistaken testimony from a nervous witness, not the product of the decision to admit the prior instances of conduct. No other reference was made to multiple forgery convictions during the trial, and any confusion from Gulley's testimony was

5

cured by the limiting instructions given at the end of the trial.

Gulley has not demonstrated that her substantial rights were jeopardized by the admission of this evidence, and a new trial is not warranted on this basis.

C. Admission of Hearsay

Gulley asks for a new trial because she believes the Court erred in admitting hearsay statements from her son and his girlfriend that Gulley had been supplying pseudoephedrine to methamphetamine manufacturers. The evidence was admitted as background information to explain why law enforcement agents initially decided to question Gulley. She also faults the Court for failing to give the jury a limiting instruction regarding this evidence.

At trial, one Government witness testified that he and another law enforcement officer had interviewed Gulley because her son and her son's girlfriend, who had been interviewed in a methamphetamine investigation, had identified Gulley as providing pseudoephedrine for manufacturing methamphetamine. Gulley's counsel objected on the basis of hearsay, but the Court overruled the objection, admitting the evidence as not being offered for the truth of the matter asserted but instead just as background to explain why Gulley was being interviewed.

Introducing evidence to explain why law enforcement officers took the investigative steps they did is appropriate in a criminal trial and gives context to evidence that would otherwise appear to the jury to pop up out of the blue. *See United States v. Penaloza*, 648 F.3d 539, 544 (7th Cir. 2011). It is not hearsay where it is not offered for the truth of the matter asserted. *Id.* The evidence used at Gulley's trial about her son's and his girlfriend's identification of Gulley as a pseudoephedrine provider falls into this category – contextual evidence that is not offered for the truth but to explain the investigation. Furthermore, any wrongful admission was harmless in light

6

of the other evidence in the case that Gulley *was* providing pseudoephedrine to methamphetamine manufacturers; the main issue at trial was not whether she was doing so but whether she knew or should have known she was doing so.

Gulley has not demonstrated that her substantial rights were jeopardized by the admission of this evidence, and a new trial is not warranted on this basis.

D.   Combined

Even in combination, the foregoing did not impinge on Gulley's substantial rights and deprive her of a fair trial.

### III.   Conclusion

For the foregoing reasons, the Court finds that the interest of justice does not require a new trial.  Accordingly, the Court hereby **DENIES** Gulley's motion for a new trial (Doc. 68).

**IT IS SO ORDERED.**
**DATED:   June 4, 2014**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**